**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH STEWART,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:10-cv-00232** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **COLUMBUS SOUTHERN POWER,** | : | **MAGISTRATE JUDGE BLACK** |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Columbus Southern Power Company ("CSP") and American Electric Power Company, Inc.'s ("AEP," and together with CSP, "Defendants") Motion to Dismiss (Dkt. 8). Plaintiff Deborah Stewart ("Plaintiff") filed a Complaint alleging that Defendants terminated her employment, and otherwise discriminated against her on the basis of her sex, age, and disability, in retaliation for making complaints regarding her alleged discriminatory treatment. The Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to comply with the statutes of limitations set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Leave of Court to Present Sur-Reply (Dkt. 18) is **DENIED**.

## II. BACKGROUND

Plaintiff is a resident of Warren County, Ohio, and is a partially disabled citizen, 53 years of age.  On March 28, 2005, Plaintiff was hired by CPS, a wholly-owned subsidiary of AEP, at CSP's Picway Generating Station. CPS and AEP are power-generating and distributing corporations under the laws of the State of Ohio, both of which have principal offices located in Franklin County, Ohio.

During Plaintiff's employment at CPS, AEP recruited, hired, and promoted several male operators and a female plant manager to work at Plaintiff's place of employment shortly after Plaintiff had complained to management based on discrimination in the workplace. Additionally, the Plant Manager issued Plaintiff several informal and formal (i.e. written) warnings regarding Plaintiff's performance, and had suspended her and withheld her safety bonus check.  On March 13, 2009, Plaintiff's employment at Picway Generating Station was terminated because she "physically verif[ied] the status of a tagged-out device," (Complaint, pp. 4); however, one of Plaintiff's former co-workers from Picway told Plaintiff that he had witnessed the Plaintiff's manager doing the very thing for which Plaintiff was fired. Plaintiff alleges that verifying the status of a tagged-out device, the action for which Plaintiff was fired, was required by AEP's Clearance Permit Standard.  Since her termination, Plaintiff has applied (unsuccessfully) to AEP for employment.

Following Plaintiff's termination, Plaintiff and her union filed a discrimination grievance against AEP, which was ultimately arbitrated in favor of Defendants.  Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex, age and disability discrimination, as well as retaliation for making complaints

2

regarding her alleged discriminatory treatment.  The EEOC issued Plaintiff a "Notice to Sue." The Notice provided the following "Notice of Suit Rights":

> **Title VII, the Americans with Disabilities Act, and/or the Age Discriminations in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (This time limit for filing suit based on a state claim may be different.)

EEOC's "Notice to Sue" was issued on June 2, 2009.  However, Plaintiff failed to file a complaint until March 12, 2010, at which time Plaintiff attempted to file a Complaint in the United States District Court for the Southern District of Ohio, Western Division.[1]  In her Complaint, Plaintiff claims that Defendants terminated her employment at CPS's Picway Generating Station and discriminated against her on the basis of her sex, age and disability, and retaliated against her for making complaints regarding her alleged discriminatory treatment– all of which were the subjects of her EEOC charge.

On March 31, 2010, Defendants filed a Motion to Dismiss on the grounds that Plaintiff failed to comply with the statutes of limitations set forth in Title VII, the ADA, and the ADEA because Plaintiff's Complaint was not filed within ninety days of receiving her "Notice to Sue" from the EEOC.

### III. STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which

---

[1] Plaintiff originally attempted to file this action on March 12, 2010, along with a Motion to Proceed *In Forma Pauperis*, in the United States District Court for the Southern District of Ohio, Western Division.  The case was assigned to Judge Weber and Magistrate Judge Black as Case No. 1:10-cv-00170.  Magistrate Judge Black appropriately transferred the case to this Court on March 17, 2010, and the case was assigned Case No. 2:10-cv-00232.  On March 19, 2010, Magistrate Judge Kemp granted Plaintiff's Motion to Proceed *in forma pauperis*. The Clerk filed the Complaint on that same date.

relief can be granted." Fed. R. Civ. P. 12(b)(6).  The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests."  *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  Additionally, the court must accept as true all factual allegations contained in the complaint, and it must be construed in a light most favorable to the party opposing the motion to dismiss.  *Davis H. Elliot Co. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

A statute of limitations defense may form the basis of a Rule 12(b)(6) "when it is apparent from the face of the complaint that the time limit for bringing the claim has passed." *Hoover v. Langston Equip. Assoc., Inc.,* 958 F.2d 742, 744 (6th Cir. 1992).  Accordingly, under Rule 12(b)(6), a motion to dismiss based on a violation of statute of limitations laws should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief."  *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975).

### IV. LAW AND ANALYSIS

When filing a claim under Title VII, a plaintiff must comply with the statute of limitations

established in 42 U.S.C. § 2000e-5(f), which provides:

> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and **within ninety days** after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

(Emphasis added).  Furthermore, the same provision applies to claims brought under the ADA because the ADA "incorporates the powers, remedies, and procedures applicable to employment discrimination actions under Title VII." *Garrett v. Weyerhaeuser Co.*, No. 98-1424, 1999 WL 777652, at *1 (6th Cir. 1999).  *See* 42 U.S.C. § 12117.[2]  As a result, under Title VII and under the ADA, a plaintiff must commence her civil action within 90 days of receiving the right to sue notice from the EEOC.  *Id.*  *See* 42 U.S.C. § 2000e-5(f)(1).

Similarly, the ADEA requires that a plaintiff commence a civil action within 90 days of receiving the EEOC's "Notice to Sue."  The ADEA provides:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise termination by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section … against the respondent named in the charge **within 90 days** after the date of the receipt of such notice.

---

[2] 42 U.S.C. § 12117 provides: "The powers, remedies, and procedures set forth in sections 2000e-4, **2000e-5**, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title concerning employment." (Emphasis added).

29 U.S.C. § 626(e) (emphasis added).

Accordingly, a plaintiff alleging violations under Title VII, ADA, and/or the ADEA is required to file a complaint within ninety days of receiving the EEOC's "Notice to Sue." *Brown v. Hyperion Seating Corp.*, No. 98-6373, 1999 WL 801591, at *2 (6th Cir. 1999); *Forest v. U.S. Postal Service*, 97 F.3d 137, 141 (6th Cir. 1996). Failure to bring suit within the ninety-day limit is grounds for dismissal of the action. *See McKibben v. Hamilton County*, No. 99-3360, 2000 WL 761879, at *3 (6th Cir. 2000). The ninety day limitation is strictly enforced because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

Additionally, dismissal of a complaint filed after ninety days of receiving the EEOC's "Notice to Sue" is appropriate even where a plaintiff proceeds *pro se* because the plaintiff still has "a responsibility to meet the requirements of the law." *Lomar v. Sears, Roebuck & Co.,* No. 99-6589, 2000 WL 1888715, at *6 (6th Cir. 2000)*; see also Okparaocha v. Lazarus, Inc.*, No. 96-3729, 1997 WL 668954, at *2 (6th Cir. 1997) (holding that "[e]ven though Okparaocha sued *pro se*, he must satisfy applicable rules and deadlines.")

On June 2, 2009, the EEOC mailed its "Notice to Sue" to Plaintiff. Plaintiff is presumed to have received the EEOC's notice on June 7, 2009, because the Sixth Circuit has established that a plaintiff is assumed to have received a right to sue notice five days after it is mailed. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (holding that the ninety day statute of limitations begins running on the fifth day following the EEOC's mailing of the right to sue notification). Hence, in order for Plaintiff to comply with the

ninety-day statute of limitations, she must have filed a complaint on or before September 4, 2009.[3] Plaintiff did not attempt to file her Complaint until March 12, 2010, which was more than six months after the limitations period had expired. Furthermore, all of the claims contained in Plaintiff's Complaint were subject to the above statutes of limitations because those claims were the subjects of her EEOC charge. Thus, Plaintiff failed to satisfy the statute of limitations set forth in 42 U.S.C. § 2000e-5(f) (for her Title VII and ADA claims) and 29 U.S.C. § 626(e) (for her ADEA claims).

Although Title VII, the ADA, and the ADEA set forth a statute of limitations, "the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of a suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose." *Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979). While a court may equitably toll the statute of limitations, the United States Supreme Court and the Sixth Circuit have "repeatedly declined to toll the limitations period where the plaintiffs have failed to demonstrate extreme circumstances." *Jenkins v. Widnall*, No. 99-3918 , 2000 WL 553957, at *2 (6th Cir. 2000). The Sixth Circuit has established five factors in determining whether the doctrine of equitable tolling should apply: "(1) a lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining

---

[3] In Defendants' Motion to Dismiss, the Defendants state that "in order to comply with the ninety-day statute of limitations, [Plaintiff] was required to file a complaint on or before August 31, 2009." (Dkt. 8). However, the Defendants do not appear to have taken into consideration the fact that the statute of limitations does not begin until the Plaintiff is said to have received the EEOC's "Notice to Sue" on June 7, 2009. Accordingly, the ninety-day limitation began running on June 7, 2009, and Plaintiff should have filed a Complaint on or before September 4, 2009 (ninety days after the statute of limitations began), not August 31, 2009.

ignorant of the particular legal requirement."  *Id.* (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

As to the first and second factors, Plaintiff was given notice of the filing requirement when the EEOC issued Plaintiff a "Notice to Sue."  Contained within the "Notice to Sue" was the "Notice of Suit Rights," which clearly stated that Plaintiff had to file suit within ninety days after receiving the "Notice to Sue."  Plaintiff does not allege that she did not receive the letter or that she was unaware of the ninety day filing requirement.  As a result, Plaintiff was given explicit notice and had constructive knowledge of the filing requirement.

Regarding the third factor, Plaintiff's diligence in pursuing her rights, although Plaintiff did pursue her rights through the appropriate channels, she did not comply with the instructions provided to her by the EEOC.  Plaintiff argues that she failed to file her Complaint within 90 days because she was under emotional stress related to family issues and the loss of her employment. Emotional strain and/or grieving over the loss of a job do not, however, entitle this Court to toll the statute of limitations or to excuse a lack of diligence.  *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 461 (6th Cir. 2001) (holding that the limitations period for Title VII claims is not even subject to tolling during the time when a plaintiff is of "unsound mind"). While the fact that Plaintiff was under emotional stress and/or grieving due to the loss of her job at CSP's Picway Generating Station may have interfered with Plaintiff's pursuing of her rights, it does not excuse her lack of diligence in pursuing her rights, and, therefore, cannot excuse the untimely filing of Plaintiff's Complaint.

The fourth factor, absence of prejudice to the defendant, falls in Plaintiff's favor. Defendants have not identified any particular prejudice that they would face should equitable tolling be applied in this case.  Furthermore, Plaintiff's complaint, while beyond the applicable

8

time period, was not so delayed that the Defendants would suffer prejudice from unavailability of witnesses or the passage of time.

Finally, as to the fifth factor, it does not appear that Plaintiff was ignorant to the fact that she had to file a Complaint within ninety days after receiving the "Notice to Sue" from EEOC because Plaintiff states in her Response to Defendants' Motion to Dismiss the very reasons for why she failed to comply with the legal requirements for filing her Complaint.

Having examined the factors used to determine whether the doctrine of equitable tolling should apply in this case, and determining that four of the five factors dictate against application of equitable tolling, it is evident that Plaintiff's failure to comply with the time requirements for filing her Complaint does not establish a sufficient basis for this Court to toll the statute of limitations established in 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 626(e). Accordingly, since the statutes of limitations have not been tolled in this case, and because Plaintiff failed to comply with the statutes of limitations set forth in Title VII, the ADA, and the ADEA, Plaintiff's Complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6).

Finally, on June 23, 2010, Plaintiff filed a Motion for Leave of Court to Present Sur-Reply (Dkt. 18).  Local Rule 7.2(a)(2) states that: "[n]o additional memoranda beyond those enumerated [opposing and reply memoranda] will be permitted except upon leave of court for good cause shown."  S.D. Ohio, Local R. 7.2(a)(2).  Plaintiff's proposed sur-reply does not offer any additional evidence that would influence the application of equitable tolling in this case. Accordingly, Plaintiff's Motion for Leave of Court to Present Sur-Reply is **DENIED**.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED**, and

Plaintiff's Motion for Leave of Court to Present Sur-Reply (Dkt. 18) is **DENIED.**

**IT IS SO ORDERED.**


<u>**s/Algenon L. Marbley**</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: June 30, 2010**

10